UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-14100-CIV-MARRA

ANGEL COLON et al.,

Plaintiffs,

vs.

G4S PLC, G4S SECURE SOLUTIONS,
and NOOR SALMAN

Defendants.
_____/

**ORDER DISMISSING COMPLAINT**

This cause is before the Court *sua sponte*.

"It is by now axiomatic that the inferior federal courts are courts of limited jurisdiction. They are 'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." University of So. Ala. v. American Tabacco Co., 168 F.3d 405, 409 (11th Cir. 1999). Subject-matter jurisdiction is a threshold inquiry that a court is required to consider before addressing the merits of any claim. See Riley v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 292 F.3d 1334, 1336 (11th Cir. 2002); see also Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001) (raising federal jurisdiction issue sua sponte).

The diversity jurisdiction statute applies to actions between "(1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state. . . .; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state . . . as plaintiff and citizens of a State or of different States." 28 U.S.C. § 1332(a).

Diversity jurisdiction requires complete diversity between named plaintiffs and all defendants. Strawbridge v. Curtiss, 3 Cranch 267, 7 U.S. 267 (1806); Tapscott v. MS Dealer Service Corp., 77 F.3d 1353, 1359 (11th Cir. 1996) (every plaintiff must be diverse from every defendant).

The Complaint alleges diversity jurisdiction under 28 U.S.C. § 1332. Plaintiffs, many of whom allege they are Florida residents,[1] bring this case against Defendants G4S PLC, an English corporation, G4S Secure Solutions, a Delaware corporation whose principal place of business is in Florida, and Noor Salmon, a resident of Florida. In other words, multiple Plaintiffs and two Defendants are citizens of Florida and complete diversity does not exist.

As such, the case must be dismissed for lack of subject matter jurisdiction. Plaintiffs are granted leave to amend **within 10 days of the date of entry of this Order** to limit the case to Plaintiffs and Defendants whose diversity of citizenship is complete. Should an amended complaint not be filed by that time, the Court will close the case.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 23rd day of March, 2017.

KENNETH A. MARRA
United States District Judge

---

[1] A complaint should allege the citizenship, not residence, of a natural person. Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir.1994) ("Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person."). Thus, for diversity of citizenship purposes, Plaintiff has not established the citizenship of any party other than the two corporate defendants based on the place of their incorporation and their principal places of business. This failure, in and of itself, would be a basis to dismiss this case for lack of subject matter jurisdiction. The Court, however, will assume for purposes of this order that the residence of the non-corporate parties and their citizenship are the same.